STATE *ex rel.* ATTORNEY-GENERAL, Plaintiff, *v.* JOHN WINDSOR, Defendant.

1. *County Court — Johnson county — Judges — Term of office — Allotment — Construction of statute.* — Under the act of March 19, 1866 (Sess. Acts 1865-6, p. 82, § 1), A. was, in 1866, elected one of two justices of the County Court of Johnson, and by allotment under section 3, chapter 137, Gen. Stat. 1865, his term of office was fixed at two years. But, *held,* that the provision of the section last named, in regard to allotment, applied only to County Courts composed of three persons, and that, under section 2 of the same chapter, his term of office continued for six years.

*Petition for quo warranto.*

*H. B. Johnson,* Attorney-General, for petitioner.

*H. W. Harmon,* for respondent.

CURRIER, Judge, delivered the opinion of the court.

This is an information in the nature of a writ of *quo warranto*. It is brought to test the right of the respondent, John Windsor, to the office of County Court justice for the county of Johnson. He was, as the information avers, duly elected to that office in 1866, and was subsequently commissioned by the governor, as such county justice, for a term of six years. It is now insisted by the relator that Windsor's term of office was for only two years, and that the commission for six years was consequently erroneously issued to him. This claim is based upon the theory that section 3, chapter 137, of the General Statutes of 1865, in relation to County Courts, governs the case, and that Windsor's term of office was fixed at two years by allotment, as therein provided.

There is undoubted confusion in the state of the statute law on this subject, and abundant grounds for rival constructions. It seems impracticable, however, to reconcile the various provisions of the statute with the theory insisted upon by the relator. The General Statutes of 1865, ch. 137, § 1, provide that " County Courts shall be composed of three members, to be styled the justices of the County Court," and that " each county, where the court is composed of three justices, may be laid off into districts," and that, in such case, one judge shall be elected from each district. This provision suggests the existence of counties where a different number of justices constitutes the courts. Section 2 of the same chapter provides that the justices of the County Court " shall hold their offices for six years ;" and then section 3 provides that, at the regular election next succeeding the passage of the act, these justices shall be elected for each county, and that their terms of office shall be respectively two, four, and six years ; the duration of the term to be determined by lot, in the manner pointed out in the section. The section then proceeds to state the reason of the allotment, namely : " so that thereafter there should be one justice of each County Court in this State elected every two years." These provisions clearly apply, and seem only to apply, to counties where the

court is composed of three justices, styled the "justices of the County Court." After the first allotment, persons elected to that office hold for six years. In counties where there are but two of these justices, one could not be elected each two years and hold office for six. The biennial election necessitates three justices, or an abbreviation of the term. The provisions of the statute, thus far considered, are general in their application, and do not necessarily control the provisions of a special enactment, whether passed before or after a general law.

By a special act, passed March 19, 1866 (Sess. Acts 1865–6, p. 82, § 1), it is provided that the County Court of Johnson and twenty-seven other named counties should thereafter be " composed of two members, to be styled the justices of the County Court, and the judge of probate, who," it is provided, shall be " ex-officio president of, the County Court." The act makes no provision for the election of these officers, or for their terms of office; but by another act, passed the same day (Sess. Acts 1865–6, p. 83), the election and term of office of the probate judge for each of the counties named in the prior act, is fully provided for, and the term fixed at four years.

It is difficult, if not impossible, to harmonize the provisions of the special act of March 19, 1866, limiting the number of members of the County Court in each of the named counties to two persons, who are " styled the justices of the County Court," with the provisions of section 3 of chapter 137 of the General Statutes of 1865, which contemplate a court composed of three persons, to be " styled the justices of the County Courts," and who are to be biennially elected, and hold their offices respectively for six years — that is, those elected after the first allotment.

By the second section of said chapter 137, the term of office of a county justice is fixed at six years. This is of general application, and must be accepted as defining the term of office of the county justices in Johnson and the other named counties, in the absence of some specific opposing rule applicable to the case; and the allotment rule laid down in the third section of chapter 137 is not deemed applicable.

If the judge of probate is regarded as one of the justices of

the County Court, within the meaning of the act of March 19, 1866, still the rule would not work. His term of office is definitely fixed at four years, and the principle of biennial election of one justice is thus rendered of impossible application; for it would necessarily occur that, at one election, two justices would be elected at the same time; and then, the terms of two of the justices being six years, general elections would occur at which no county justice would be elected.

It is evident that the principle of biennial elections of one judge of each County Court, as embodied in section 3, chapter 137, of the General Statutes of 1865, can not be applied to the counties embraced in the act of March 19, 1866. The term of office of the justices of the County Courts in these counties, respectively, is fixed by section 2, chapter 137, General Statutes of 1865, and the provision of the third section of that chapter, in regard to allotments, is inapplicable.

The application for a judgment of ouster is therefore refused. The other judges concur.